# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 16, 2014

## STATE OF TENNESSEE v. BOBBY JOE MASON

**Direct Appeal from the Circuit Court for Blount County**
**No. C-21530      Tammy Harrington, Judge**

---

**No. E2014-00571-CCA-R3-CD - Filed December 11, 2014**

---

The appellant, Bobby Joe Mason, pled guilty in the Blount County Circuit Court to robbery, a Class C felony, and criminal impersonation, a Class A misdemeanor, and received an effective three-year sentence to be served as 160 days in confinement and the remainder on enhanced supervised probation. On appeal, the appellant contends that the trial court erred by revoking his probation and ordering that he serve the remainder of his sentences in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ROGER A. PAGE, and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Mack Garner (at trial), Maryville, Tennessee, for the appellant, Bobby Joe Mason.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Senior Counsel; Michael L. Flynn, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On January 28, 2013, the appellant pled guilty to robbery, a Class C felony, and criminal impersonation, a Class A misdemeanor. Pursuant to the plea agreement, he received concurrent sentences of three years and eleven months, twenty-nine days, respectively. The appellant was to serve 160 days in confinement and the remainder of his effective three-year

sentence on enhanced supervised probation.

On September 4, 2013, the appellant's probation officer filed a probation violation report, alleging that the appellant had violated his probation by moving from his residence without informing her, by failing to report since June 2013, and by failing to make any payments toward his court costs. The trial court issued a probation violation warrant, and the appellant was arrested.

At the appellant's probation revocation hearing, Eunice Robinson testified that she was employed by Monroe County Probation and Parole. The appellant was placed on probation in Blount County on January 28, 2013, but was transferred to the Monroe County office in February 2013. Robinson had been his probation officer since that time, and she filed the probation violation report. She said that the appellant stopped reporting to her in June 2013 and that she could not locate him. He also failed to pay anything toward his court costs or supervision fees. In October 2013, the appellant was arrested on new charges, and Robinson finally learned where he was located. Robinson said she amended her probation violation report to reflect the arrest and to reflect that the appellant was charged with forgery, fraudulent use of a credit card, criminal impersonation, and passing a worthless check. The State introduced into evidence certified copies of judgments of conviction showing that on November 8, 2013, the appellant was convicted of fraudulent use of a credit card, passing a worthless check, and misdemeanor theft. The appellant received a six-month sentence for each conviction.

On cross-examination, Robinson testified that the appellant was to report to her every month and that he reported as scheduled until June 2013. She said that he "had some work, but [that] it was sporadic." Prior to the appellant's probation violation, Robinson visited his home, and his living arrangements were "fine." She also was unaware of any substance abuse problems. She acknowledged that prior to June, the appellant was following the rules of his probation. She said that in addition to being on probation in this case, he also was on probation for a separate misdemeanor sentence. She said that he was reporting to a different probation officer for that sentence and that she knew he was having trouble "coming up with the money for both probations." On December 18, 2013, the appellant sent Robinson a letter in which he stated that he stopped reporting to her because he owed more than $3,500 for his misdemeanor probation and did not want to be arrested "if he came to report." She said that the appellant had been in jail since October 2013 and that he had completed his sentences for his most recent convictions.

The appellant testified that he was thirty years old and that his convictions in this case resulted from being with "the wrong people at the wrong time." He explained that "they had went supposedly to buy some pills and while I was sitting in the vehicle, they had went in and

robbed them. And then I just was with them, so I got caught up in the mess with it." He said that he was married with a five-year-old daughter and two step-children, that he was working in construction prior to his October 2013 arrest, and that "I have talked to my boss and I do still have the job."

The appellant testified that he was supposed to report to Robinson every month and that he was reporting to another probation officer for a misdemeanor assault conviction. He acknowledged that he stopped reporting to Robinson in June 2013. He explained that he stopped reporting because his second probation officer threatened to file a probation violation report if he did not pay his fees by a certain time. He stated that "it just kind of scared me, I guess" and that he "did make a mistake." He said, though, that "I do have a job and I can pay my stuff."

The appellant acknowledged that in October 2013, he was charged with new offenses. He said that the charges occurred after he found a credit card in a gas station and used it to buy cigarettes. He also wrote a check to have his lawnmower fixed without having enough money in the bank to cover the check. He said that he understood he was supposed to stay out of trouble but that "I was already violated and I wasn't thinking." He said that he received a six-month sentence for his most recent convictions and that he had already served 75% of the sentence. He asked that the trial court give him another chance, stated that he would not violate his probation again, and stated that his wife could pay his court costs immediately.

On cross-examination, the appellant acknowledged that his convictions in this case resulted from him and his co-defendants posing as police officers and robbing the victim. He said that he had been paying his second probation officer $45 per month but that "she did say I had a certain time to have it paid or she would violate me." He acknowledged that he "just decided not to report."

The trial court found it "uncontroverted" that the appellant had failed to report to his probation officer since June 2013 and that he was "on absconder status until he was arrested in McMinn County in October 2013." The court concluded that he violated his probation in this case by not reporting, absconding from probation, failing to pay court costs, and obtaining three new convictions while on probation. The trial court determined that the appellant was not a good candidate for probation due to his "non-compliance and his getting new charges." The court revoked his probation and ordered that he serve the balance of his effective sentence in confinement with credit for time served.

## II. Analysis

The appellant acknowledges that he violated his probation but contends that the trial court abused its discretion by ordering him to serve the entire balance of his sentences in confinement because he does not have any substance abuse problems, has the ability and opportunity to be gainfully employed, and showed "some potential to comply with conditions of probation during the first few months of his supervision in this case." The State contends that the trial court did not abuse its discretion. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The appellant acknowledges that he violated probation. This court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Nashville, Feb. 11, 2002). Therefore, the trial court did not err by ordering that the appellant serve the entire balance of his effective sentence in confinement.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-